IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAHLA CHEHRAZI,

    Petitioner.

                         /

No. C 12-80110 WHA

**ORDER GRANTING PETITION FOR AMENDMENT OF NATURALIZATION CERTIFICATE AND VACATING HEARING**

## INTRODUCTION

This is a petition for amendment of a naturalization certificate, seeking correction of a birth date. For the following reasons, the petition is **GRANTED**.

## STATEMENT

Petitioner Shahla Chehrazi declares the following. In October 1980, petitioner was naturalized as a United States citizen by the United States District Court of the Northern District of California, on the basis of an application for naturalization submitted by her to the former Immigration and Naturalization Service (INS). When petitioner submitted her application for naturalization to the INS, she provided an English translation of her Iranian birth certificate. She consulted with friends to prepare the translation of her birth date. The translation provided with petitioner's naturalization application included a conversion of her birth date from the Persian calendar to the Gregorian calendar. Her date of birth was correctly stated in the Persian calendar as Ordibehesht 18, 1324, and this date was converted to April 18, 1945, in the Gregorian calendar. The INS accepted this translation as sufficient to process petitioner's

application for naturalization. Petitioner used the Gregorian calendar birth date of April 18, 1945, in the years that followed (Chehrazi Decl. ¶¶ 1–5).

In 2003, petitioner applied for a new Iranian passport in order to be able to help her elderly father in Iran come to the United States. At this time, petitioner did not notice that the Iranian passport, which had its own conversion of her birth date, stated her birth date as May 8, 1945 (Chehrazi Decl. ¶ 6; Chehrazi Exh. C at 8–9). In May 2010, when petitioner applied for Medicare benefits, she first noticed the different birth date on her Iranian passport. Health and Human Services carried out an independent translation and also found petitioner's birth date to be May 8, 1945. When petitioner applied for Social Security benefits with the Social Security Administration (SSA), she was told by the SSA that she was required to have her birth date corrected on her United States passport, driver's license, and other documents. Petitioner declares that although she could change the information to her correct birth date of May 8, 1945, in her Medicare records, she was advised that she "could not change any of [her] identity documents to the correct birth date until [her] naturalization certificate was corrected" (Chehrazi Decl. ¶¶ 7–10).

In May 2011, petitioner filed an application for a corrected naturalization certificate, based on clerical error, to the United States Citizenship and Immigration Service (USCIS). USCIS denied her application in August 2011 because petitioner had sworn under oath that the birth date in her initial naturalization application was correct. In September 2011, petitioner appealed with USCIS, on the basis that the clerical mistake "did not involve any intent to deceive or misrepresentation." This appeal was denied by USCIS in October 2011 (Chehrazi Decl. ¶¶ 11–12; Chehrazi Exhs. E, F).

Petitioner declares that her requests to the USCIS were submitted in order to "correct U.S. agency records, and not in an attempt to seek to obtain any benefits for which [she] would be ineligible under [her] incorrectly converted date of birth." Petitioner had sworn under oath that her birth date of Ordibehesht 18, 1324, was correct, and she "provided a translation which was accurate, but which contained a clerical error in the calendar conversion." The former INS, petitioner declares, replicated this clerical error when it produced her naturalization certificate.

1  Petitioner thus filed the instant N-410 motion for amendment of naturalization certificate
2  to correct her birth date on her naturalization certificate (Chehrazi Decl. ¶¶ 13–14).

3  The United States government files its motion to dismiss under FRCP 12(b)(1).
4  The government argues that "this Court lacks subject-matter jurisdiction over the petition
5  under FRCP 12(b)(1) because petitioner did not file her petition within a reasonable time."
6  The government further argues that "even if this Court addresses the merits of petitioner's
7  claims, she failed to allege either the requisite exceptional circumstances or injury to alter
8  the final order in this case" (Br. 6).

**ANALYSIS**

**1.  JURISDICTIONAL AUTHORITY.**

The party seeking to invoke the Court's jurisdiction bears the burden of establishing subject-matter jurisdiction. A jurisdictional challenge under FRCP 12(b)(1) may be made on the face of the pleadings or in a factual attack, disputing the truth of the allegations in the pleading. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Ibid.* (internal quotations omitted). If the motion is a facial attack, the court must accept all facts pled in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ibid.*

In *Matter of Shrewsbury*, 77 F.3d 490 (9th Cir. 1996), our court of appeals held that it has jurisdiction to amend pre-1990 naturalization orders. In *Shrewsbury*, the Court affirmed denial of a motion to amend a petition for naturalization in order to reflect petitioner's true birth date. Petitioner had intentionally overstated her age in order to marry and immigrate from Vietnam as the spouse of a United States citizen. The Court held that "[b]ecause the order naturalizing this petitioner was a court order, the court had jurisdiction . . . to amend it." *Matter of Shrewsbury*, 77 F.3d 490 (9th Cir. 1996). In a recent decision involving a petition to amend a naturalization certificate, the United States District Court for the Northern District of California cited to *Shrewsbury* and noted: "Given that the Petitioner's Certificate was issued pre-1990, there is no doubt that this Court has power to amend the certificate." *Kennedy v. U.S. Citizenship and*

3

*Immigration Services*, 2012 WL 1831599 (N.D. Cal. May 18, 2012) (Davila, J.). Thus, based on *Shrewsbury*, this Court has jurisdiction to amend a pre-1990 naturalization order. *In re Mohammad Atiq Taymuree*, 2009 WL 3817922, at *2 (N.D. Cal. 2009) (Breyer, J.).

Petitioner has provided evidence that she was naturalized by court order on October 7, 1980 (Chehrazi Exh. B at 3). Thus, under the authority of *Shrewsbury*, this Court has jurisdiction to amend petitioner's naturalization certificate.

### 2. THE ERROR ON PETITIONER'S NATURALIZATION CERTIFICATE.

Petitions to amend have been granted in cases involving unintended mistranslations or other errors, as well as in cases "when the petitioner admitted that he knew that the date of birth that he supplied to United States immigration officials was not correct." *Hussain v. U.S. Citizenship and Immigration Services*, 541 F. Supp. 2d 1082, 1087 (D. Minn. 2008); *see Varghai v. INS, Dist. Dir.*, 932 F. Supp. 1245, 1247 (D. Or. 1996); *Kouanchao v. U.S. Citizenship & Immigration Servs.*, 358 F. Supp. 2d 837, 838 (D. Minn. 2005). Generally, courts have granted petitions to amend where:

> (1) there is clear and convincing evidence that the birth date on the certificate of naturalization is wrong; (2) there is little or no evidence that the petitioner acted fraudulently or in bad faith either when he or she initially provided the incorrect birth date to immigration authorities or when he or she later sought to amend the certificate of naturalization; and (3) there is reliable evidence supporting the birth date that the petitioner now alleges is correct.

*Hussain*, 541 F. Supp. 2d at 1087.

Applying these principles in the instant action, granting petitioner's petition to amend is warranted.

Petitioner has sufficiently shown that the birth date on her naturalization certificate is incorrect and that May 8, 1945, is her correct date of birth. Petitioner has provided documents that show that her date of birth is May 8, 1945. *First*, according to petitioner's declaration, the SSA conducted a translation of petitioner's birth date and determined that her correct birth date is May 8, 1945 (Chehrazi Decl. ¶¶ 8–9 ). *Next*, petitioner's Iranian passport indicates that Iranian authorities determined her birth date to be May 8, 1945 (Chehrazi Exh. C at 8–9).

4

Moreover, petitioner presents her birth certificate, which was independently translated by a professional translator on August 28, 2010, who found her birth date to be May 8, 1945 (Chehrazi Exh. C at 6–7).

In addition, the record here does not indicate any signs of fraudulent activity by petitioner. Petitioner declares that she conducted the translation on her own and "to the best of [her] ability, with the assistance of friends" (Chehrazi Decl. ¶ 2). Moreover, petitioner declares that her requests to the USCIS were submitted in order to "correct U.S. Agency records, and not in an attempt to seek to obtain any benefits for which [she] would be ineligible under [her] incorrectly converted date of birth" (Chehrazi Decl. ¶ 13). Additionally, petitioner has demonstrated that she put great effort into having her birth date corrected, which further indicates that she is acting in good faith. In May 2011, petitioner filed an application for a corrected naturalization certificate, based on clerical error, to the USCIS. USCIS denied her application in August 2011 because petitioner had sworn under oath that the birth date in her initial naturalization application was accurate. In September 2011, petitioner appealed with USCIS, on the basis that the clerical mistake "did not involve any intent to deceive or misrepresentation." This appeal was denied by USCIS in October 2011 (Chehrazi Decl. ¶¶ 11–12; Chehrazi Exhs. E, F).

Thus, in these circumstances, this order finds that petitioner has sufficiently demonstrated that an amendment to her naturalization certificate should be granted.

## CONCLUSION

For the foregoing reasons, petitioner's petition for amendment of her naturalization certificate is **GRANTED**. The hearing scheduled for August 2, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5